UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN R. WELSCHMEYER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   1:18-cv-04239 |
| FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET RECOVERY ASSOCIATES and QC HOLDINGS, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

### COMPLAINT

NOW comes KEVIN R. WELSCHMEYER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET RECOVERY ASSOCIATES ("FCS") and QC HOLDINGS, INC. ("QC" and together with ARA, "Defendants") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524 for Defendants' unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as ARA's corporate headquarters is located in the Northern District of Illinois. Additionally, a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person and a consumer, over 18 years-of-age, residing in Springfield, Missouri.

5. FCS is a collection agency and a debt buyer that "purchase[s] outstanding debt from major banks and credit card companies."[1] FCS is corporation organized under the laws of the state of Illinois with its principal place of business located at 1919 South Highland Avenue, Suite 225A, Lombard, Illinois.

6. QC "specializes in alternative financial services offering credit solutions for consumers and small business."[2] QC is a corporation organized under the laws of the state of Kansas with its principal place of business located at 828 Melrose Drive, Lenexa, Kansas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Many years ago Plaintiff incurred a short-term loan ("subject consumer debt") issued by QC. The subject consumer debt was incurred by Plaintiff for household and family purposes.

9. Due to financial hardship Plaintiff fell behind on his payments to QC and ultimately defaulted on the subject consumer debt.

---

[1] https://assetrecoveryassociate.com/
[2] https://www.qchi.com/

10. On March 31, 2017 Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Western District of Missouri under Case Number 17-20329 ("bankruptcy case").

11. Schedule F of Plaintiff's bankruptcy petition listed the subject consumer debt and notice of the bankruptcy case was sent to QC.

12. On August 31, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case. As a result, all of Plaintiff's liability on his dischargeable debts were extinguished, including the subject consumer debt.

13. Upon information and belief, QC sold the subject consumer debt to FCS after learning that Plaintiff filed the bankruptcy case.

14. On or around June 4, 2018 FCS caused to be sent to Plaintiff a collection letter seeking payment of the subject consumer debt.

15. On the collection letter FCS stated, "This letter is to inform you that ARA Inc. has recently obtained and is now the legal owner of your Qc Holdings Pay day Loan Account. All obligations regarding this debt and any applicable interest and or fees have been fully transferred to this office. As of today, you owe **$1,063.80**, which is now due in full."

16. Confused and concerned about being asked to pay an obligation that was discharged through bankruptcy Plaintiff called QC and was told that the debt was sold. During this call QC also acknowledged notice of the bankruptcy case.

17. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendants' conduct.

18. Plaintiff was unduly and inconvenienced and harassed by Defendants' unlawful attempts to collect the subject consumer debt.

19. Defendants' conduct has been highly confusing and upsetting to Plaintiff. Plaintiff suffered from emotion distress and anxiety as he was led to believe that her bankruptcy had no legal effect and that he was still obligated on the subject consumer debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST FCS)

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though full set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. FCS is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. FCS identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. This section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." §1692e(5).

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. FCS violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject consumer debt. The subject consumer debt was not owed at the time FCS demanded payment because it was discharged in Plaintiff's bankruptcy.

28. FCS violated §1692e(5) when it engaged in action that was not legally possible, the collection of the subject consumer debt.

29. FCS violated §1692e(10) when it falsely represented that the subject consumer debt was collectible at the times of the demand as the subject consumer debt was not owed by virtue of Plaintiff's bankruptcy discharge.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt by sending a collection letter attempting to collect the subject debt which was discharged in Plaintiff's bankruptcy and not owed.

31. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt.

32. As pled in paragraphs 17 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEVIN R. WELSCHMEYER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION
(AGAINST DEFENDANTS)

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

    **a. Section 11 U.S.C. § 524(a)(2)**

34. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

35. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 915 (7th Cir. 2001).

36. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez,* 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

    **b. Defendants' conduct was perpetual, willful, and wanton**

37. Defendants violated the discharge injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

6

38. QC received written notice of Plaintiff's bankruptcy case by the Bankruptcy Noticing Center and acknowledged the same during a phone call with Plaintiff.

39. Upon information and belief, QC communicated knowledge of Plaintiff's bankruptcy case to FCS.

40. Defendants should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

41. Defendants' conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

42. Based on the broad language of the Bankruptcy Code, Defendants willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, KEVIN R. WELSCHMEYER requests that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendants in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;
b. Order Defendants to pay Plaintiff for hhis actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;
c. Order Defendants to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;
d. Order Defendants to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105; and
e. Provide such other and further relief as the Court may deem just and proper;

Dated: June 18, 2018                                               Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis

Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com